NO. 07-10-00521-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2011

---

PAMELA JO BROWN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,311-D; HONORABLE DON R. EMERSON, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Pamela Jo Brown entered an open plea of guilty to the charge of theft of property under $1,500, third offense.[1]  She also plead true to two prior felony convictions enhancing the punishment to a third-degree felony.[2]  The court assessed

---

[1] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011) (providing theft of property valued at less than $1,500 is a state jail felony if the defendant has two or more prior final convictions of any grade of theft).

[2] On a showing at the trial of a state jail felony that the defendant has two prior final convictions for state jail felonies, on conviction the defendant shall be punished for a third-degree felony.  Tex. Penal Code Ann. § 12.42(a)(1) (West 2011). The range of punishment for an individual adjudged guilty of a third-degree felony is imprisonment for

punishment at eight years confinement in prison.  Her court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[3] brief.  We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

Besides pleading guilty in open court to the charged offense and true to the enhancements, appellant signed a writing waiving the right to trial by jury, and the appearance, confrontation, and cross-examination of witnesses, and consenting to oral and written stipulations of evidence.  Appellant also executed a "judicial confession" stating she "committed each and every allegation" contained in the indictment.  The State introduced evidence of prior convictions including two thefts and those alleged by the indictment for enhancement of punishment.

At the punishment phase, on direct examination, appellant testified "I'm guilty" of the indicted offense.  She then presented her case-in-chief.  It centered on a request for probation because of her parents' disabilities and their resulting need of her assistance.  On cross-examination, appellant agreed she had prior convictions including theft, forgery, possession of a controlled substance, possession of drug paraphernalia, and criminal trespass of a habitation.

After the parties closed, the court found appellant guilty and pronounced sentence.  This appeal followed.

---

2 to 10 years in the Texas Department of Criminal Justice and a fine not exceeding $10,000 may also be assessed.  Tex. Penal Code Ann. § 12.34(a)(b) (West 2011).

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).

Appellant's appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief. In counsel's opinion, nothing in the record establishes reversible error. The brief reviews the record and the evidence presented at the hearing. Counsel discusses three grounds of potential error but concludes none constitutes reversible error. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response and her right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should she receive an adverse decision by this court. By letter, this court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.